UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WEST CONCORD 5-10-1.00 STORE, INC., a Massachusetts corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| RFB DISTRIBUTORS, INC., a Florida corporation, and JOHN DOES 1-10, | ) ) ) ) |
| Defendants. | |

## COMPLAINT – CLASS ACTION

Plaintiff, WEST CONCORD 5-10-1.00 STORE, INC., (herein "Plaintiff"), bring this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, RFB DISTRIBUTORS, INC. and JOHN DOES 1-10 ("Defendants").

## PRELIMINARY STATEMENT

1.     This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2.     The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements.   The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3.     Unsolicited faxes damage their recipients.  A junk fax recipient loses the use of its fax machine, paper, and ink toner.  An unsolicited fax also causes the recipient to waste valuable

1

time it would have spent on something else.   Unsolicited faxes prevent fax machines from

receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear

and tear on the recipient fax machines, and require additional labor to attempt to discern the

source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a

class action asserting claims against Defendants under the Telephone Consumer Protection Act,

47 U.S.C. § 227 ("TCPA") and for common law conversion.

5.      Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. §

227.  See *Charvat v. Echostar Satellite, LLC,* 2010 WL 5392875 (C.A.6 (Ohio)), and on

information and belief, more than two-thirds (2/3) of the class is outside Massachusetts.

7.      Venue in this district is proper because Defendants committed the statutory torts

complained of within this judicial district.

## PARTIES

8.      Plaintiff, WEST CONCORD 5-10-1.00 STORE, INC., is a Massachusetts

corporation with its principal place of business in Concord, Massachusetts.

9.      On information and belief, Defendant, RFB DISTRIBUTORS, INC., is and was at

all relevant times a Florida corporation with its principal place of business in San Antonio,

Florida.

10.     JOHN DOES 1-10 will be identified in discovery but are not presently known.

## FACTS

11.     On or about December 2, 2009, Defendants sent by telephone facsimile machine an unsolicited facsimile to Plaintiff's facsimile machine.   A copy of the facsimile is attached hereto as Exhibit A.

12.     Defendants did not have Plaintiff's prior express invitation or permission to send facsimiles to Plaintiff's fax machine.

13.     Defendants created or made Exhibit A which is a good or product which Defendants distributed to Plaintiff and the other members of the class.

14.     Exhibit A is a part of Defendants' work or operations to market Defendants' goods or services which was performed by Defendants and on behalf of Defendants.  Therefore, Exhibit A constitutes material furnished in connection with Defendants' work or operations.

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes.   Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16.     On information and belief, Defendants have sent similar unsolicited facsimiles to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

17.     Defendants' advertisements did not display a proper opt out notice as required by 64 C.F.R. 1200.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

18.     Plaintiff incorporate the preceding paragraphs as though fully set forth herein.

19.     In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the

Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of

persons:

> All persons who (1) were sent telephone facsimile messages of
> material advertising the commercial availability of any property,
> goods, or services by or on behalf of Defendants, (2) with respect
> to whom Defendants cannot provide evidence of prior express
> permission or invitation for the sending of such faxes, (3) with
> whom Defendants did not have an established business
> relationship, and (4) which did not display a proper opt out notice.

Excluded from the Class are Defendants, Defendants' officers, directors,

shareholders, employees, agents, and members of the Judiciary.

20.     Commonality [Fed. R. Civ. P. 23(A)(2)].  Common questions of law and fact

apply to the claims of all class members.  Common material questions of fact and law include but

are not limited to the following:

(i)     Whether Defendants sent unsolicited fax advertisements;

(ii)    Whether Defendants' facsimiles advertised the commercial

availability of property, goods, or services;

(iii)   The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxed

advertisements;

(iv)    Whether Defendants faxed advertisements without first obtaining

the recipients' express permission or invitation;

(v)     Whether Defendants violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to

statutory damages;

(vii)   Whether   Defendants   should   be   enjoined   from   faxing advertisements in the future;

(viii)   Whether the Court should award trebled damages; and

(ix)   Whether   Exhibit   A   and   Defendants'   other   advertisements displayed a proper opt out notice as required by 64 C.F.R. 1200

21.   Typicality [Fed. R. Civ. P. 23(a)(3)].  Plaintiff's claims are typical of the claims of all class members.  Plaintiff received facsimiles sent on behalf of Defendants advertising goods and services of Defendants during the Class Period.   Plaintiff are making the same claims and seeking the same relief for themselves and all class members based on the same federal statute.  Defendants has acted the same or in a similar manner with respect to Plaintiff and all the class members.

22.   Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)].  Plaintiff will fairly and adequately represent and protect the interest of the class.  They are interested in this matter, have no conflicts, and have retained experienced class counsel to represent the class.

23.   Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)].  Class certification is appropriate because the prosecution of individual actions by class members would:  (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

24.   Common Conduct [Fed. R. Civ. P. 23 (b)(2)].   Class certification is also appropriate because Defendants has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demand such relief as authorized by 47 U.S.C. § 227.

25.   <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>.  Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

(a)   Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)   Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)   Defendants has acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)   The amount likely to be recovered by individual class members does not support protested individual litigation.  A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e)  This case is inherently managed as a class action in that:

(i)   Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

(ii)   Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii)   Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v)    A class action will contribute to uniformity of decisions concerning Defendants' practices;

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

26.    The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine …." 47 U.S.C. § 227(b)(1).

27.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

28.    The TCPA provides:

> 3.  <u>Private right of action</u>.  A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> > (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C)    Both such actions.

29.    The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

30.     Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, (c) that Exhibit A is an advertisement, and (d) that Exhibit A did not display the proper opt out language.

31.     Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes.   Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and their employees wasted their time receiving, reviewing and routing Defendants' unauthorized faxes.   That time otherwise would have been spent on Plaintiff's business activities.   Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.   Finally, the injury and property damage sustained by Plaintiff and the other class members occurred outside Defendants' premises.

32.     Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, WEST CONCORD 5-10-1.00 STORE, INC., individually and on behalf of all others similarly situated, demand judgment in their favor and against Defendants, RFB DISTRIBUTORS, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representatives of the class, and appoint Plaintiff's counsel as counsel for the class;

B.      That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

C.      The court enjoin Defendants from additional violations; and

D.      That the court award costs and such further relief as the court may deem just and proper.

## COUNT II
## CONVERSION

33.      Plaintiff, on behalf of themselves and all others similarly situated, incorporates paragraph 3 and paragraphs 6 through 16 as though fully set forth herein, as and for their paragraph 33.

34.      In accordance with FRCP 23, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons who on or after a date three years prior to the filing of this action, were sent telephone facsimile messages by or on behalf of Defendants.

Excluded from the class are Defendants, Defendants' officers, directors, shareholders, employees, agents, and members of the judiciary.

35.      A class action is proper in that:

(a)      On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)      There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)      Whether Defendants engaged in a pattern of sending unsolicited faxes;

(ii)     The manner and method Defendants used to compile or obtain the

list of fax numbers to which it sent Exhibit A and other unsolicited faxes; and

(iii)     Whether Defendants committed the tort of conversion.

36.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

37.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

38.     By sending Plaintiff and the other class members unsolicited faxes, Defendants improperly converted their fax machines, toner and paper to their own use. Defendants also converted Plaintiff's employees' time to Defendants' own use.

39.     Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

40.     By sending the unsolicited faxes, Defendants permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendants' own use. Such misappropriation was wrongful and without authorization.

41.     Defendants knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

42.     Plaintiff and the other class members were deprived of the use of their fax machines, paper, toner, and employee time, which could no longer be used for any other purpose.

Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited faxes from Defendants.

43.     Each of Defendants' unsolicited faxes effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendants' unauthorized faxes.  Defendants knew or should have known employees' time is valuable to Plaintiff.

44.     Defendants' actions caused damages to Plaintiff and the other members of the class because their receipt of Defendants' unsolicited faxes caused them to lose paper and toner as a result.  Defendants' actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendants was using Plaintiff's fax machine for Defendants' unauthorized purpose.  Defendants' actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendants' unauthorized faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, WEST CONCORD 5-10-1.00 STORE, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, RFB DISTRIBUTORS, INC. and JOHN DOES 1-10, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.     That the Court award damages; and

C.     That the Court award costs and such further relief as the Court may deem just and proper.

WEST CONCORD 5-10-1.00 STORE, INC,
individually and as the representatives of a class of
similarly-situated persons

By:    /s/Alan L. Cantor
        Alan L. Cantor
        BBO #072360
        SWARTZ & SWARTZ, P.C.
        10 Marshall Street
        Boston, MA   02108
        Telephone:  617-742-1900
        Fax:  617-367-7193

        Brian J. Wanca
        ANDERSON + WANCA
        3701 Algonquin Road, Suite 760
        Rolling Meadows, IL  60008
        Telephone:  847-368-1500
        Fax:  847-368-1501

        Phillip A. Bock
        BOCK & HATCH, LLC
        134 North LaSalle Street, Suite 1000
        Chicago, IL  60602
        Telephone:  312-658-5500
        Fax:  312-658-5555

        *Attorneys for Plaintiff*

**EXHIBIT A**

# RFB DISTRIBUTORS

**Authorized Distributor** - Black & Decker, Bosch, Bostitch, Delta, Dewalt, Hitachi, Milwaukee, Porter Cable, RotoZip, Skil

You are receiving this fax because you've requested information from us via fax, mailer, website registration, phone or have purchased from us in the past. To have your fax number removed, simply call 1-877-678-2599

Call, Fax, Or Email Your Order Today!! Phone 1-866-700-1517 Fax 1-813-434-2061 Email sales@rfbdistributors.com

No Minimum Order - Terms Available - Volume Discounts Available - Use Your Shipper or Ours - Call For Full Inventory List

**Special Price: $41.99**

69% OFF = $94.41 Savings!

Regular Wholesale Price $136.40

**Milwaukee 0881-20 NEW V18 1/4-inch Hex Mid-Size Impact Driver (Bare Tool)**



**Special Price: $69.99**

30% OFF = $30.00 Savings!

Regular Wholesale Price $99.99

**Milwaukee 48-11-1830 NEW V18™ Lithium-Ion Battery**



**Special Price: $39.99**

75% OFF = $119.51 Savings!

Regular Wholesale Price $159.50

**Milwaukee 6310-20 NEW 18-Volt 6-1/2-Inch Cordless Circular Saw (Bare Tool)**

**Special Price: $59.99**

82% OFF = $264.51 Savings!

Regular Wholesale Price $324.50

**Milwaukee 0856-20 NEW 18V Cordless Compact SDS Rotary Hammer Drill (Bare Tool)**



**Special Price: $18.99**

56% OFF = $24.57 Savings!

Regular Wholesale Price $43.56

**Milwaukee 48-59-2818 NEW 18V-28V Universal Charger**

**Special Price: $9.99**

65% OFF = $18.61 Savings!

Regular Wholesale Price $28.60

**Milwaukee 49-24-0165 NEW 18V Xenon Adjustable Industrial Work Flashlight**

